IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-cv-491-MEF |
| | ) | (WO – Do Not Publish) |
| TWO THOUSAND THREE DOLLARS | ) | |
| ($2,003.00) IN UNITED STATES | ) | |
| CURRENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Willie Wingard's ("Wingard") Motion to Set Aside Default (Doc. #15) filed on October 4, 2013. Jurisdiction over this matter exists pursuant to 28 U.S.C. §§ 1345, 1335(a), and *in rem* jurisdiction and venue are appropriate and undisputed. After careful consideration of the arguments of counsel, the case law, and the record as a whole, the Court finds that the motion is due to be DENIED.

### I.  BACKGROUND AND PROCEDURAL HISTORY

This is a forfeiture action arising out of Wingard's alleged use of the subject properties to facilitate the commission of a crime in violation of 21 U.S.C. § 841 *et seq.*, which makes property potentially forfeitable under 21 U.S.C. § 881(a)(4) and (6). The properties are presently in the custody of the United States Marshals Service in the Middle District of Alabama.

1

On July 12, 2013, the United States filed a Verified Complaint for Forfeiture *In Rem* (Doc. #1) alleging that the subject properties, which are named as defendants in this action, are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) and (a)(6). On August 21, 2013, Wingard was personally served with copies of the Verified Complaint for Forfeiture *In Rem*, Notice of Complaint for Forfeiture against Personal Property, and Warrant of Arrest *In Rem* (Doc. #5) at 1425 Withers Street, Montgomery, Alabama 36104. At the time the United States served these documents, no attorney had filed a notice of appearance on behalf of Wingard. The United States also served, "as a courtesy," a copy of the documents on Attorney Susan James ("Attorney James") because her name was listed on various administrative filings. (Doc. #4.) Attorney James's paralegal accepted service of these documents on August 21, 2013, at 9:54 a.m. The United States also published notice of the civil forfeiture action at www.forfeiture.gov, an official government website, for a period of 30 consecutive days, beginning on July 18, 2013, and ending August 16, 2013. (Doc. #10.)

The published notice made clear that, pursuant to Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, "in order to avoid forfeiture of the Defendant property, any person who asserts an interest in the Defendant property **must** file a verified claim within **35** days after the date of this notice or the date of delivery, if personally served." (Doc. #1-1.) By the Court's calculation, the deadline to timely file a verified claim would have been September 25, 2013, but neither Wingard nor Attorney James filed a claim by this date.

Two days later, on September 27, 2013, the United States filed an Application and

2

Request to Enter Default. (Doc. #11.) The Clerk entered default on September 30, 2013. (Doc. #12.) On October 1, 2013, the United States filed a Motion for Decree of Forfeiture (Doc. #13), which the Court granted on October 3, 2013 (Doc. #14).

The next day, on October 4, 2013, Attorney James entered an appearance in this case by filing a Motion to Set Aside Default. (Doc. #15).[1] In her Motion, Attorney James stated that she received a copy of the entry of default on October 2, 2013, but she did not have actual knowledge of having received a copy of the Complaint, Notice of Complaint, and Warrant of Arrest in August. She did, however, state that she remembered receiving a call from a Deputy U.S. Marshal regarding the service of the documents and does not deny the possibility that the documents could have been left with someone at her office. Attorney James urges this Court to set aside the default and argues that "[t]he failure to answer was not willful, the party to whom the assets belong has a meritorious defense, and that there will be no prejudice to the United States nor will the setting aside of the judgment produce harsh or unfair results if the default is set aside." Attorney James also explained that her office had been involved in a number of matters in the states of Alabama and Georgia during the time period after the documents were delivered such that the lack of response to the initial filing was due to her own "excusable neglect," and not at all to the neglect of Wingard.

The Court entered an order directing the United States to show cause why Wingard's

---

[1] According to the United States, Attorney James did not notify the government that she would be representing Wingard in this civil forfeiture action, nor did she file a formal notice of appearance on the record.

Motion to Set Aside Default should not be granted. (Doc. #17). The United States timely filed its response on October 30, 2013. (Doc. #18.) In its response, the United States contends that the motion is due to be denied because Wingard does not have statutory standing to challenge the Decree of Forfeiture and because Wingard has not met the burden of establishing that there was good reason for failing to defend the complaint, that granting the motion would not prejudice the United States, and that there is a meritorious defense that would affect the outcome of this case.

## II. DISCUSSION

Wingard requests that the entry of default in this case be set aside for good cause pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. While this is the proper standard for setting aside a clerk's entry of default, the Rules direct the Court to treat a motion to set aside a default judgment as a Rule 60(b) motion.[2] Fed. R. Civ. P. 55(c); *see also Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1507 (11th

---

[2] The government claims that Wingard does not have standing to contest the default since he did not file a Verified Claim or Answer with his motion to set aside default. Specifically, the government contends that Wingard's failure to file a Verified Claim and Answer in response to the government's complaint, in violation of Article III of the United States Constitution, 18 U.S.C. 983(a)(4), and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules") requires the Court to deny the Motion to Set Aside Default for lack of standing. While Wingard's failure to properly respond to the government's complaint may have a bearing on whether he could succeed in challenging the forfeiture proceeding should he be given a chance to answer, and therefore whether he could meet his burden of establishing a meritorious defense under Rule 60(b)(1), it is not a pre-requisite for filing the motion to set aside default. *See U.S. v. $14,000.000*, 2010 WL 4642990, *2 (S.D. Ohio Nov. 9, 2010) (applying the legal principles for setting aside a default to determine whether the potential claimant should be permitted to file an answer where the claimant had not filed an answer or claim within the time period established by the applicable rules).

Cir. 1984) ("Rule 55(c) makes it clear that the proper, and in our opinion, exclusive, method for attacking a default judgment in the district court is by way of a Rule 60(b) motion."). The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied. In setting aside a default judgment, the courts apply an "excusable neglect" standard, which is more rigorous than the "good cause" standard that is utilized in setting aside an entry of default. *See Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988); *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). Because the motion to set aside default was not filed until after a Decree of Forfeiture had been entered, and because Attorney James contends that the lack of response to the Verified Complaint is due to her "excusable neglect," the Court will treat the Motion to Set Aside Default as a Rule 60(b)(1) motion.[3]

Under Rule 60(b)(1), "the court may relieve a party . . . from a final judgment, order, or proceeding . . ." because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To establish mistake, inadvertence, or excusable neglect, "a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *See Branch Banking and Trust v. Maxwell*, 512 Fed. App'x 1010, 2013 WL 1136579 (11th Cir. 2013); *In Worldwide Web Systems, Inc. v. Feltman*, 328 F.3d 1291, 1295 (11th Cir. 2003). However, under Rule 60(b),

---

[3] Wingard does not argue any of the reasons for setting aside a default judgment in Rule 60(b)(2)-(5) are applicable in this case.

"[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." *See Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 679–80 (11th Cir. 1984).

To satisfy its burden under the first prong of Rule 60(b)(1), the defaulting party "must make an affirmative showing of a defense that is likely to be successful." *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) (citations omitted). Surveying the record as a whole, the Court finds nothing other than a bald assertion in Wingard's Motion to Set Aside Default that "the party to whom these assets belong has a meritorious defense." Wingard has made not attempt to assert a colorable ownership or possessory interest in the Defendant property, which is a Constitutional prerequisite to contesting forfeiture. *See U.S. v. $38,000.00 in U.S. Currency*, 815 F.2d 1538, 1543–44 (11th Cir. 1987) ("It is well established that in order to contest forfeiture, a claimant must first demonstrate sufficient interest in the property to give him Article III standing; otherwise there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts."). Moreover, Wingard has made no attempt to explain the nature of his defense or to address the likelihood that his defense would affect the outcome of this case. The Eleventh Circuit has made clear that Wingard cannot satisfy the burden of showing a meritorious defense by simply "asserting a general denial." *See id.* at 1133. Accordingly, the Court finds that by not "offer[ing] anything to affirmatively and specifically show that there was a valid defense that would probably change the outcome of the case," Wingard has "not offered anything resembling a meritorious defense." *See Worldwide Web*

6

*Systems, Inc. v. Feltman*, 328 F.3d 1291, 1296–97 (11th Cir. 2003). Failure to establish the first prong is sufficient grounds to bar relief under 60(b)(1), and the Court therefore will not reach the issue of whether Wingard met his burden under the second and third prongs.

Finally, the Rule 60(b)(6) "catchall" provision allows the Court to set aside default for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (quotations omitted). Rule 60(b)(1) and (b)(6) are mutually exclusive, meaning that a court cannot grant relief under (b)(6) for any reason that the court could consider under (b)(1). *See Solaroll* 803 F.2d at 1133 (citations omitted). Because Wingard has not provided any separate reasons why the Court should set aside default other than those put forth in support of the Rule 60(b)(1) "excusable neglect" argument, Wingard's Motion to Set Aside Default fails to the extent it rests on Rule 60(b)(6).

### III.  CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Wingard's Motion to Set Aside Default (Doc. #15) is DENIED.

DONE this the 14th day of January, 2014.

                                                /s/ Mark E. Fuller
                                        UNITED STATES DISTRICT JUDGE